IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| CARA HANKINSON, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 6:04-CV-71 (HL) |
| THOMAS COUNTY SCHOOL : | |
| DISTRICT, : | |
| : | |
| **Defendant.** : | |
| : | |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 21), in which she requests leave to add a Title IX claim and an Equal Pay Act claim. For the reasons explained below, Plaintiff's Motion is granted in part and denied in part.

Rule 15(a) of the Federal Rules of Civil Procedure state that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Despite this broad requirement, undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend. Foman v. Davis, 371 U.S. 178, 182 (1952). Here, Plaintiff seeks to amend her Complaint a second time,[1] bringing a Title IX claim alleging Defendant provided better funding for the boys' baseball program than for the girls' softball program and

---

[1] Plaintiff, acting *pro se* at the time, filed her Complaint on December 29, 2004 asserting a single claim of sexual discrimination under Title VII. Prior to Defendant filing a responsive pleading, Plaintiff filed an Amended Complaint that asserted two additional claims: a Title VII retaliation claim and an intentional infliction of emotional distress claim. Plaintiff, now represented by counsel, requests the Court grant her leave to assert two more additional claims: a Title IX claim and an Equal Pay Act claim.

treated Plaintiff differently than coaches of male sports. Plaintiff also seeks to bring an Equal Pay Act claim alleging Defendant compensated coaches of male sports more than Plaintiff. Defendant objects claiming unfair prejudice, futility of the amendment, and undue delay.

**I. TITLE IX**

Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, . . . ." 20 U.S.C. § 1681(a) (2000). Title IX implies a private right of action to its prohibition on intentional gender discrimination in education. See Cannon v. University of Chicago, 441 U.S. 677 (1979). In Franklin v. Gwinnett County Public Schools, 503 U.S. 60 (1992) the United States Supreme Court held that Title IX included a private right of action to seek not only injunctive relief, but monetary damages for intentional conduct. Id. at 76.

The Supreme Court also held that Title IX implies a private right of action including sexual harassment of a student by a teacher or student provided that the educational institution was deliberately indifferent to the harassment. Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 290-91 (1998) (teacher's sexual harassment of a student), Davis v. Monroe County Bd. of Ed., 526 U.S. 629, 642 (1999) (student's sexual harassment of a student). Title IX also prohibits employment discrimination, North Haven Board of Education v. Ball, 456 U.S. 512, 530 (1982),and retaliation after complaining about sex discrimination. Jackson v. Birmingham Bd. of Educ., __U.S. __ , 125 S.Ct. 1497, 1510 (2005).

Although Defendant, in the present case, does not directly dispute that Plaintiff cannot

bring a private action to enforce Title IX, it does argue that Plaintiff cannot sustain such an action. First, Defendant argues that Title VII preempts Title IX to the extent that Plaintiff's employment discrimination claim could be brought under Title VII. Second, Defendant argues in the alterative that Plaintiff lacks standing to challenge Defendant's actions under Title IX because she is no longer employed.

Although neither the United States Court of Appeals for the Eleventh Circuit nor the Supreme Court have addressed the subject, there is authority to support the proposition that Title IX claims that could have been brought under Title VII are preempted. See Lakoski v. James, 66 F.3d 751, 753 (5th Cir. 1995) (holding that "individuals seeking money damages for employment discrimination on the basis of sex in federally funded educational institutions may not assert Title IX either directly or derivatively"); Waid v. Merrill Area Public Schools, 91 F.3d 857, 862-63 (7th Cir. 1996) (holding Title VII preempted Title IX claims for which Title VII provided relief); cf. Polson v. Davis, 895 F.2d 705, 710 ( 10th Cir. 1990) (holding Title VII provides the exclusive remedy for employment discrimination suits premised solely on its violation.). Further, at least two district courts in the Eleventh Circuit have determined that Title IX claims involving employment discrimination are preempted by Title VII to the extent the claim could have been brought under Title VII. Gibson v. Hickman, 2 F.Supp.2d 1481, 1484 ( M.D. Ga. 1998), Morris v. Wallace Community College-Selma, 125 F.Supp.2d 1315, 1343 (S.D. Ala. 2001).

The basis for all the above referenced decisions has continuously favored preemption to prevent employees of a federally funded educational institution from circumventing Title VII's

elaborate enforcement structure by filing a Title IX claim. The Supreme Court confronted a similar situation in Great American Federal Savings and Loan Ass'n v. Novotny, 422 U.S. 366 (1979). In Great American, the Court addressed the interplay between Title VII and § 1985 explaining, "If a violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all of [the] detailed and specific provisions of the law . . . [including] [t]he short and precise time limitations of Title VII [and] the administrative process, which plays such a crucial role in the scheme established by Congress in Title VII." 422 U.S. at 375-76.

Here, using the same rationale that the Supreme Court employed in Great American this Court agrees with those courts that hold Title VII preempts employment discrimination claims for money damages brought under Title IX. Further, while the Lakoski and Waid courts precluded a Plaintiff's Title IX claim even in the absence of a Title VII claim, the Court's decision in the present case only precludes the Plaintiff from asserting a cumulative Title IX claim as she has already filed a Title VII claim alleging much of the same conduct. Accordingly, the portion of Plaintiff's Title IX damage claim that alleges Defendant discriminated against her individually, in failing to offer her the same employment opportunities that it offered her male counterparts, is preempted by Title VII.

Second, Defendants argue that Plaintiff lacks standing to bring her Title IX claim because she is no longer employed as the coach of the girls' team. Plaintiff responds arguing that she clearly has standing to bring a Title IX claim individually and on behalf of those participating in girls' sports because she was a coach when the allegedly disciminatory conduct took place and can resume coaching at anytime. As the Court has already determined that the

money damage portion of Plaintiff's Title IX claim that pertains to employment discrimination is preempted by Title VII, it is only necessary to address whether Plaintiff has standing to (1) seek injunctive relief requiring Defendant to stop discriminating against her and (2) challenge Defendant's allegedly discriminatory treatment of the girls' softball program or behalf of those participating in the program.

Because Article III of the Constitution limits federal courts' jurisdiction to actual cases and controversies, federal courts do not have jurisdiction where "the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980). Here, as Plaintiff is no longer employed by Defendant, an injunction requiring Defendant to stop discriminating against her would serve no purpose. In fact, as Defendant certainly cannot continue to discriminate against Plaintiff in her capacity as a coach if she is no longer an employee, there is no further discrimination to enjoin. Accordingly, Plaintiff's individual claim for an injunction to prevent Defendant from discriminating against her is moot. See Buntin v. Breathitt County Bd. of Educ., 134 F.3d 796, 800 (6th Cir. 1998)(holding that a former employee's claim for an injunction to prevent her former employer from violating the law was moot as she was no longer employed).

Further, federal courts require that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). Here, Plaintiff's general Title IX claim asserted on behalf of the students participating in the softball program also fails. Plaintiff's claim essentially seeks to adopt the standing of the participants in the program as her own; this

5

she cannot do. Independent of Plaintiff's individual claims for employment discrimination that have already been addressed, Plaintiff suffered no other injury for which she can recover under Title IX. Plaintiff is not a member of the allegedly injured by the discriminatory conduct of Defendant. As Plaintiff has no legal interest in this claim and seeks to rest the claim on the rights of others, Plaintiff does not have standing to bring a Title IX claim on behalf of the students participating in the softball program. See Lowrey v. Texas A&M University System, 117 F.3d 242, 251 (5th Cir. 1997) ("It is aixomatic that [a former female basketball coach] cannot state a claim for discrimination [under Title IX] on behalf of her students.")

In summary, because Plaintiff's individual damages claim is preempted by Title VII, Plaintiff's individual injunctive relief claim is moot, and Plaintiff lacks standing to bring her general Title IX claim on behalf of the students, the portion of Plaintiff's proposed amendment alleging Title IX claims is futile.

## II. EQUAL PAY ACT

Defendant argues that Plaintiff's proposed Equal Pay Act claim is also futile. Defendant asserts that because Plaintiff cannot show that Defendant has paid different rates to male and female employees for the same work, she cannot sustain a claim under the Equal Pay Act. To support its argument, Defendant asserts that discovery has shown that Plaintiff was paid the same amount of money as the boys' baseball coach. Defendant also filed copies of Plaintiff's salary computation sheet from 2002-2003 and 2003-2004 school years; however, the salary

sheets only show Plaintiff's salary and offer no evidence of the boys' baseball coach's salary.[2] Defendant asserts that because there is no evidence to show that Plaintiff can sustain her claim, the amendment is futile.

An amendment is futile and will not be allowed if it "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.15[3] (3d ed. 1997). Here, by arguing that Plaintiff cannot provide evidence to support her claim, Defendant is essentially arguing that Plaintiff's Equal Pay Act claim would not survive a Motion for Summary Judgment. Such review is not appropriate in determining whether to allow an amendment. The appropriate review is whether Plaintiff's proposed claim would be futile on its face. As Plaintiff specifically alleged in her proposed amended complaint that Defendant paid male coaches more than it paid female coaches, her Equal Pay Act claim is not futile.

Defendant further argues that as its principal discovery has been completed, allowing Plaintiff to file her amended complaint raising new claims would unfairly prejudice the

---

[2] The statute of limitations for an Equal Pay Act claim can be either two years or three years if the violation is "willful." 29 U.S.C. § 255(a) (2000). Defendant asserts the applicable period is two years because there was no willful violation, while Plaintiff asserts the applicable period is three years because the violation was willful. As the Court finds that the evidence submitted by Defendant does not prevent Plaintiff from sustaining a claim even under the stricter two year statute of limitation, the Court need not address this issue further.

Defendant.[3] The Court notes that Defendant has engaged in significant discovery resulting in over 750 pages of deposition testimony; however, Defendant suggests in its oposition to this motion that all the facts needed to determine the validity of Plaintiff's proposed Equal Pay Act claim concerns conduct that has already been the subject of discovery. Thus little if any additional discovery would be needed. Accordingly, Defendant will not be unduly prejudiced by granting Plaintiff leave to file her proposed Equal Pay Act claim.

### III. CONCLUSION

For the above referenced reasons, Plaintiff's Motion to Amend is granted in part and denied in part. Specifically, Plaintiff is granted leave to amend her complaint to include her proposed Equal Pay Act claim, but may not amend her complaint to include her proposed Title IX claims.

**SO ORDERED**, this the 28th day of October, 2005.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs

---

[3] Defendant also argues against granting leave to Plaintiff to amend on undue delay and bad faith. The Court has considered the argument, yet finds no undue delay or bad faith on Plaintiff's part.