IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CARA HANKINSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action No.** |
| v. : | **6:04-cv-71** |
| : | |
| **THOMAS COUNTY SCHOOL** : | |
| **SYSTEM** : | |
| : | |
| **Defendants.** : | |

## ORDER

Plaintiff Cara Hankinson has filed a Motion for Leave to Amend her Complaint to Account for a Scrivener's Error (Doc. 58). For the reasons set forth below, Plaintiff's motion is granted.

**I. FACTS**

Plaintiff Hankinson initially filed a Civil Rights Complaint pro se in this Court on December 29, 2004. Plaintiff's Complaint averred inter alia that Plaintiff received a Notice of Right to Sue from the Equal Opportunity Employment Commission ("EEOC") "after September 29, 2004." (Compl. ¶12). This is a correct statement because Plaintiff's Notice of Right to Sue is dated as mailed on September 29, 2004. After receiving a second Notice of Right to Sue with regard to different charges, Plaintiff filed an amended Complaint, which alleged in paragraph eleven that Plaintiff received a Notice of Right to Sue from the EEOC after September 29, 2004. Yet, within that Complaint paragraph ninety-seven alleged

1

Plaintiff received a Notification of Right to Sue on September 28, 2004.  Plaintiff eventually obtained counsel who recast the Complaint a third time.  The third Complaint continued to contain the conflicting dates between paragraphs eleven and ninety-seven.  Plaintiff later amended her Complaint to bring an Equal Pay Act claim.  This Amended Complaint also continued to maintain the uncorrected dates.  In response to Plaintiff's Complaints, Defendant filed a Motion for Summary Judgment, arguing that Plaintiff's Complaint was untimely filed 92 days after receiving notice pursuant to 42 U.S.C. § 2000e-5(f)(1), which requires a complainant bring forth his civil action within ninety days of receiving Notice of Right to Sue.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 (a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Furthermore, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v Davis, 371 U.S. 178, 182, 83 S.Ct 227, 230 (1962).  In Foman, the United States Supreme Court identified several circumstances justifying the denial of a motion to amend: "Undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Id.  The Supreme Court further held in the absence of an apparent reason to deny a Motion to Amend that the motion should be granted. Id.

## III. ANALYSIS

In the present case, the purpose of Plaintiff's proposed amendment is solely to correct an error of date within her previous Amended Complaints. Notably, Plaintiff's original Complaint contained the correct date of receipt of her Notice of Right to Sue as "after September 29, 2004." Furthermore, although Plaintiff's later Amended Complaints contained the incorrect date of receipt as September 28, 2004, these Complaints also included the correct date within an earlier paragraph and had an attached copy of the Notice of Right to Sue stamped with the correct date. Thus, in reality Plaintiff actually received the Notice of Right to Sue after September 29, 2004 and met the 90 day deadline upon filing her complaint on December 29, 2004. Accordingly, in the interest of justice Plaintiff's Motion to Amend is granted.

**IV. CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Amend her Complaint to Account for a Scrivener's Error is granted.

**SO ORDERED**, this the 23rd day of June, 2006.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

tjc